```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEON DURDEN,

                              Plaintiff,

              -v-

METROPOLITAN TRANSIT AUTHORITY,

                              Defendant.
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/2018

17 Civ. 5558 (PAE) (KHP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Leon Durden, proceeding *pro se*, brings this action alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.*, against defendant the Metropolitan Transportation Authority (the "MTA"). Before the Court are the May 18, 2018 Report and Recommendation of the Hon. Katharine H. Parker, United States Magistrate Judge, Dkt. 30 (the "Report"), recommending that the Court grant defendant's motion to dismiss, and Durden's objections to the Report, Dkt. 31.

For the following reasons, the Court adopts Judge Parker's Report in its entirety and grants the motion to dismiss.

I.   **Background**

The Court incorporates by reference the Report's factual summary, *see* Report at 1–5, to which neither party objects. What follows is a brief, non-exhaustive summary of Durden's

1

complaints, as brought before the New York State Division of Human Rights (the "NYSDHR") and this Court.

On December 1, 2014, Durden filed a charge ("Charge 1") with the NYSDHR alleging that the MTA had discriminated against him on the basis of race in denying him full-time employment. Durden alleged specifically that his supervisor, Peter Rivera, used racial slurs and told Durden he would oppose his hiring. *See* Dkt. 16 ("Zinonos Decl.") Ex. B at 8; Report at 1–2. The NYSDHR dismissed this charge in May 2015, with a finding of no probable cause. Report at 2.

In June 2015, Durden was hired by the MTA into another full-time position. *Id.*

On or before October 17, 2015, a female MTA co-worker accused Durden of sexual harassment. In January 2016, Durden filed a second charge ("Charge 2") with the NYSDHR, claiming that the sexual harassment allegation against him and his general mistreatment at the hands of his supervisors and co-worker were the products of retaliation. *See* Zinonos Decl. Ex. D; Report at 4. On May 17, 2016, the NYSDHR dismissed Charge 2 as premature in light of the ongoing MTA investigation into his alleged misconduct. Report at 4.

In October 2016, the MTA concluded that Durden had acted unprofessionally toward his co-worker and terminated his employment. In response, on October 25, 2016, Durden filed his third NYSDHR charge ("Charge 3"). In this charge, he checked boxes for age and sex discrimination, and alleged conclusorily that he was "let go because of a lie." *See* Zinonos Decl. Ex. H at 11, 13; Report at 5. On April 6, 2017, the NYSDHR issued its determination as to Charge 3, finding insufficient evidence of discrimination based on membership in a protected

class. *See* Zinonos Decl. Ex. J at 2. On May 11, 2017, Durden received his Right to Sue notice from the Equal Employment Opportunity Commission ("EEOC"). *See* Dkt. 2 ("Compl.") at 13.[1]

On July 20, 2017, Durden filed the complaint in this matter, alleging retaliation and discrimination on the basis of sex under Title VII, New York State Human Rights Law, and New York City Human Rights Laws. *See id.* at 3–5

On November 7, 2017, the MTA filed a motion to dismiss, Dkt. 14, as well as the Zinonos Declaration, Dkt. 16, and a memorandum of law in support, Dkt. 17. On January 29, 2018, Durden filed a memorandum of law in opposition. Dkt. 24 ("Pl. Opp."). On March 2, 2018, the MTA filed a reply. Dkt. 27.

On May 18, 2018, Judge Parker issued the Report recommending that the motion be granted. Dkt. 30. On May 31, 2018, Durden submitted his objections to the Report, Dkt. 31, and on June 13, 2018, the MTA submitted an affidavit in response to Durden's objections, Dkt. 32.

## II. Legal Standard

After a magistrate judge has issued a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3);

---

[1] Durden's NYSDHR charges were dual-filed with the EEOC. *See* Report at 8 n.1. For ease of reference, the Court refers to Durden's charges as "EEOC charges."

*see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or offer only conclusory statements, the court reviews the report and recommendation for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see also Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). While *pro se* parties are, as always, treated leniently in making objections, their objections to a report "must be specific and clearly aimed at particular findings." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

Here, Durden timely filed a one-page objection, in which he broadly denied any wrongdoing and reiterated that the MTA "retaliated against [him] for the complaints [he] filed and the positive attitude [he] brought to the workplace." Dkt. 31. He raised no legal arguments and addressed the Report in only the most general terms. The Court therefore reviews the Report for clear error.

### III.  Discussion

#### A.  Plaintiff's Claim of Retaliation Under Title VII

The Court adopts the Report's recommendation as to Durden's retaliation claim. To wit, the Court holds that Durden failed to exhaust his administrative remedies and that, in any event, his complaint fails to state a cognizable claim of retaliation.

##### 1.  Title VII Exhaustion

The Court agrees with Judge Parker that, as to his retaliation claim, Durden failed to exhaust his administrative remedies. *See* Report at 8–12. Before bringing suit under Title VII, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Under

certain circumstances, however, courts will excuse a failure to raise a particular claim before the EEOC. As relevant here, claims not raised in an EEOC filing may be brought in federal court so long as they are "reasonably related" to claims raised before the EEOC. *See Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). Claims that are reasonably related "to those included in a prior administrative agency charge are: (1) claims that would fall within the reasonably expected scope of the agency's investigation of the charge; (2) claims of retaliation for filing the administrative charge; or (3) claims of further incidents of discrimination carried out in precisely the same manner alleged in the administrative charge." Report at 9 (citing *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)); *see also Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003).

Recognizing that the first category was the closest fit here, Judge Parker properly held that Durden's retaliation claim did not fall within the reasonably expected scope of the agency's investigation of Charge 3. *Id.* at 9–11. Durden complained in Charge 3 that he was terminated because of his sex and age, but failed to check a box indicating that he had been subject to retaliation. *See* Zinonos Decl. Ex. H at 11. Even if read liberally, nothing in this charge—or the documents attached thereto, *see* Report at 11—reasonably would have prompted an investigation into retaliation for prior complaints of discrimination. *See e.g.*, *Brailsford v. Zara USA, Inc.*, No. 14 Civ. 6999 (LGS), 2015 WL 1608214, at *5 (S.D.N.Y. Apr. 10, 2015) ("Plaintiff did not allege any facts that would have given the SDHR or the EEOC notice to investigate retaliation.").[2] Nor can Durden rely on subsequent rebuttal correspondence to expand the scope of Charge 3. *See* Report at 12 (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001); *Littlejohn v. City*

---

[2] To the extent Durden raised any concerns about retaliation, he described the sexual harassment allegations against him as "revenge" for his having written down his accuser's train car numbers. *See* Pl. Opp. Ex. A at 15.

5

*of New York*, 795 F.3d 297, 323–24 (2d Cir. 2015)). At bottom, as "[c]ourts in this district have often found," "where a plaintiff does not explicitly allege retaliation in an administrative complaint, the subsequent investigation of other forms of discrimination cannot reasonably be expected to extend to retaliation." *Burke v. Gutierrez*, No. 04 Civ. 7593 (PKC), 2006 WL 89936, at *12 (S.D.N.Y. Jan. 12, 2006), *aff'd sub nom. Burke v. Evans*, 248 F. App'x 206 (2d Cir. 2007).

Nor does the second category of reasonably related claims apply. Although Durden filed EEOC charges and thereafter alleged retaliation in his Title VII complaint, he filed his most recent EEOC charge *after* the alleged retaliation had already occurred. Having failed to raise a then-existing retaliation claim in his third EEOC charge, Durden cannot now raise that same, unexhausted retaliation claim for the first time in federal court. *See e.g., Burke*, 2006 WL 89936, at *12.[3]

Accordingly, there is no theory under which Durden's retaliation claim is reasonably related to his EEOC charge. His retaliation claim is therefore dismissed as unexhausted.

**B.  Merits of Title VII Retaliation Claim**

In the alternative, the Court also agrees with Judge Parker that even if Durden had exhausted his administrative remedies, his complaint falls short of plausibly alleging a Title VII retaliation claim. *See* Report at 13–17. That is because the complaint fails to allege in non-conclusory terms a causal nexus between Durden's discharge and his filing of an EEOC charge.

First, the timing of Charges 1 and 2 in relation to Durden's discharge cannot support an inference of retaliation. *See* Report at 14. Nearly two years elapsed between his filing of Charge

---

[3] Neither party suggests that the third category of reasonably related claims applies, as Durden did not allege retaliation in any EEOC charge.

1 and his eventual termination, and approximately eight months elapsed between his filing Charge 2 and his termination. This chronology does not give rise to an inference of retaliation. *See Brown v. City of New York*, No. 11 Civ. 2915 (PAE), 2013 WL 3789091, at *17 (S.D.N.Y. July 19, 2013) ("[T]he six-month period between Brown's Memo and the official reprimand does not establish a temporal nexus."); *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation."). And the fact that Durden was *hired* after he filed Charge 1 substantially undermines any inference that Charge 1 was the but-for cause of his termination. *See* Report at 14.

Second, Durden has failed to plead that the MTA investigator(s) responsible for his termination had any knowledge of his prior EEOC filings. *See* Compl. ¶¶ 26–27. There is no allegation that any of the employees who plausibly could have harbored retaliatory animus against him actually influenced the investigation that led to his termination.[4] Under these circumstances, the Court agrees with Judge Parker that "[t]he failure to interview all of the witnesses identified by Plaintiff and the [extended] duration of the investigation do not in and of themselves show that Defendant failed to conduct a bona fide investigation or render the decision to discharge Plaintiff suspect." Report at 15.

Because Durden has failed to adequately allege that his EEOC filings were the but-for cause of his termination, Durden's retaliation claim fails on the merits.

---

[4] To the extent that Durden's opposition brief suggests otherwise, "it is axiomatic that the [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss." *Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) (quotation marks omitted); *see also Capers v. Kirby Forensic Psychiatric Ctr.*, No. 13 Civ. 6953 (AJN), 2016 WL 817452, at *2 (S.D.N.Y. Feb. 25, 2016) (same rule applies to *pro se* plaintiffs).

7

## C. Plaintiff's Claim of Sex Discrimination Under Title VII

Finally, the Court agrees with Judge Parker that Durden fails to state a plausible claim of sex discrimination. *See* Report at 17–20.

To survive a motion to dismiss, a plaintiff alleging sex discrimination under Title VII must allege that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to a minimal inference of discriminatory motivation. *See Littlejohn*, 795 F.3d at 311.

Durden adequately pled the first three prongs, but failed to adequately allege the fourth. *See* Report at 18–19. Durden appears to allege that, because of his sex, he was treated differently during the sexual harassment investigation, in that the MTA gave greater credence to his female accuser than it gave him, and that it declined to interview all of his preferred witnesses. Compl. ¶ 36, *see* Report at 18.

These allegations, standing alone, are insufficient to give rise to even a minimal inference of discrimination. There is no allegation that his accuser was motivated by discriminatory animus in claiming sexual harassment; on the contrary, Durden repeatedly alleges that she made the claim out of anger against Durden for writing down her train car numbers. *See* Zinonos Decl. Ex. D at 14; Pl. Opp. Ex. A at 14–15; *id.* Ex. B at 4. Nor has Durden adduced any comparator evidence; there is no allegation here that the MTA treated investigations into the alleged misconduct of female employees any differently. *See e.g., Valenti v. Massapequa Union Free Sch. Dist.*, No. 09 Civ. 977 (JFB) (MLO), 2010 WL 475203, at *5 (E.D.N.Y. Feb. 5, 2010) (inference of gender discrimination arose in part from male employee's allegation that defendants did not follow investigation procedures typically applied to female employees). And finally, Durden has not alleged any statements or actions by MTA employees that would give

8

rise to an inference that the investigation or its outcome was influenced by his sex. Accordingly, Durden's sex discrimination claim must be dismissed.

### D. New York State and City Human Rights Law Claims

Having dismissed all federal claims at the threshold, the Court declines to exercise supplemental jurisdiction over Durden's state- and city-law claims. Although a district court has discretion to retain supplemental jurisdiction over non-federal claims under 28 U.S.C. § 1367(c)(3), "the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pend[e]nt jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining jurisdiction over the remaining state-law claims.'" *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). That is the case here, as the Court has no particular familiarity with this case, no discovery has occurred, and a state court would be better equipped to entertain any state- and city-law claims that may remain available to Durden. As such, the Court dismisses Durden's state- and city-law claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court adopts the conclusions in Judge Parker's Report and grants the MTA's motion to dismiss the complaint. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 14 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 10, 2018
New York, New York